65 F.3d 177
 76 A.F.T.R.2d 95-6424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clyde MORGAN, Defendant-Appellant.
 No. 94-56628.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 23, 1995.
 
 Before: ALARCON, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clyde Morgan appeals the district court's judgment on the pleadings in favor of the United States in the United States' action to recover an erroneous tax refund paid to Morgan. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Morgan contends that the district court erred in failing to treat the government's motion for judgment on the pleadings as a summary judgment motion. We disagree. The government established on the face of the pleadings that it was entitled to judgment as a matter of law. See McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir.1988) (citations omitted). Morgan admitted in his answer that he received an erroneously-issued refund check from the Internal Revenue Service, that he negotiated the check, and that he refused to repay the erroneous refund.
 
 
 4
 Morgan next contends the government's tax refund action is barred by the two-year statute of limitations. See 26 U.S.C. Sec. 6532(b). He has waived the affirmative defense of the statute of limitations because he failed to raise the issue in his pleadings before the district court. See Fed.R.Civ.P. 8(c); Roberts v. College of the Desert, 870 F.2d 1411, 1414 (9th Cir.1988).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3